# Richmond.

## TAYLOR, ACTING TREASURER v. WILLIAMS.

### February 21, 1884.

1. APPELLATE COURT—*Jurisdiction—Mandamus.*—Acts 1881–2, ch. 7, §§ 3 and 4, expressly confer the right of appeal to this court from all judg-ments in all proceedings by *mandamus*, rendered in the inferior courts.

2. CIRCUIT COURT OF RICHMOND—*Jurisdiction—State officers— Treasurer.* Code 1873, ch. 44, §§ 7 and 8, is mandatory, and ousts all jurisdiction in suits against the State officers (including treasurer) enumerated from every other court, and confers it upon the circuit court of the city of Richmond. *Ragland* v. *Broadnax and als.,* 29 Gratt. 414.

3. TAXATION—*Suits against State—Consent.*—At common law, the sove-reign could not be sued in matters of taxation, except by consent. Here this is regulated by statute. See Code 1873, ch. 155.

4. TREASURER—*Auditor—Warrants.*—No money of the State can be paid except by check drawn by the treasurer upon the warrant of one of the auditors. Code 1873, ch. 43, § 7.

5. CASE AT BAR.—W petitioned hustings court of Richmond to verify cer-tain coupons, amounting to $249, tendered by him in payment of his license tax, under act of January 14, 1882. The jury found the coupons genuine, and judgment was entered that the facts be certified to the treasurer, and that he refund to W the money paid by him for his taxes. Treasurer discovered that the coupons presented to him did not cor-respond with those for which the judgment had been rendered, and re-fused payment. W then obtained from said court a *mandamus* to com-pel the treasurer to pay. The latter moved to quash the writ for irreg-ularities on its face, demurred, and answered objecting to the proceed-ings, but the court awarded a *peremptory mandamus,* to which respond-ent excepted and obtained a writ of error.

HELD:

    1. Error lies to this court from all judgments of inferior courts in mandamus proceedings though the amount fall short of $500.

    2. The circuit court of Richmond city alone hath jurisdiction in suits against State officers, including the treasurer.

3. The treasurer can only pay out the State's money by checks on the warrants of one of the auditors.

4. The proceedings should have been quashed on the treasurer's motion.

Error to judgment of hustings court of Richmond city, rendered 14th September, 1883, awarding on the petition of John C. Williams a peremptory *mandamus* against James M. Taylor, acting treasurer of this Commonwealth, to compel him to receive certain coupons, amounting to $249, or $246, tendered by Williams for his taxes due to the Commonwealth, and to refund to him the money paid by him for said taxes. To this judgment the acting treasurer obtained from one of the judges of this court a writ of error and *supersedeas*. Opinion states the case.

*Edgar Allan* and *Attorney-General F. S. Blair*, for the plaintiff in error.

*R. L. Maury, Sands & Jackson, Sands, Leake & Carter*, for the defendant in error.

1st. The hustings court had jurisdiction. Dwarris on Statutes, 688, 691–3, 721, 722; Sess. Acts 1881–2, p. 10, p. 37; *Antoni* v. *Greenhow*, 17 Otto, 776, 777, 780.

2d. The petition for a mandamus was right and rightly presented the application. *Sikes* v. *Ransom*, 6 Johns. Rep. 279; *Page* v. *Clopton, Judge*, 30 Gratt. 431.

3d. The clear remedy was by mandamus. The claim that the proceeding should be before the circuit court of Richmond is wholly untenable.

4th. This mandamus was not to enforce or amend a judgment, but to require an executive officer to discharge his clear duty.

5th. The petitioner, Williams, did have a clear right to require the executive officer to discharge his duty ; and on

that officer's failing to do so, his proper relief was by mandamus.

6th. The sixth point of the relator places the discretion of the treasurer above the decision of the hustings court.

7th. The seventh position of the relator is identical with the sixth. There is nothing in either.

8th. Thus far in answer to positions of relator. But we contend further, that—

(*a*). There is no right to appeal from the mandamus judgment in this case, because the sum involved does not amount to $500. Code, ch. 178, §§ 2, 3, pp. 1136, 1137; Sess. Acts 1881–2, p. 342; Const. Va., Art. VI, § 2; Code 1873, p. 84.

The clause of the constitution defining the jurisdiction of this court in matters of *mandamus*, without reference to the amount involved, refers only to its *original* jurisdiction, and does not in any manner confer upon it *appellate* jurisdiction in such cases where the amount in controversy is less than $500. See Barton's Law Practice, 393. Besides, by the act of April 7, 1882, the *original* jurisdiction of this court in *mandamus* in matters of this kind has been taken away. There is no question here of the constitutionality of any statute, and hence, as but $246 is in controversy, the appeal must be dismissed.

(*b*). The act of January 26, 1882, Sess. Acts 1881–2, p. 37, does not repeal the act of January 14, 1882, Sess. Acts 1881–2, p. 10. See *Balt. and O. R. R.* v. *S. B. Allen, Auditor, and als.;* Judge R. W. Hughes' opinion, Law Journal for Sept., '83; *Antoni* v. *Greenhow*, 17 Otto 770.

This being so, it is clear that the judgment of the hustings court should be affirmed.

FAUNTLEROY, J., delivered the opinion of the court.

On the 16th day of July, 1883, John C. Williams filed his petition in the said hustings court to verify certain

coupons, amounting to the sum of $249, téndered by him in payment of his license-tax due to the Commonwealth, in accordance with the provisions of section three of an act of the general assembly, approved January 14, 1882, entitled "An act to prevent frauds upon the Commonwealth and the holders of her securities in the collection and disbursement of revenues." An issue was made up and tried by a jury, who, on the 17th day of July, 1883, rendered a verdict as follows: "We, the jury, find for the petitioner upon the issue joined, and we also find that the coupons mentioned in the exhibit filed with the petition and presented to us by the court—to-wit: the sixteen coupons for $15 each, and numbered 202, 212, 211, 210, 205, 207, 206, 204, 203, 201, 198, 197, 200, 199, 196, 213, and the three coupons for $3 each, and numbered 1189, 7618, 7320 (total, $249)—are genuine legal coupons, legally receivable for all taxes, debts and demands due the Commonwealth of Virginia." Upon which verdict judgment was thereupon entered by the court, and the facts ordered to be certified to the treasurer, as directed by law, to refund the money paid by the petitioner for his taxes. Upon the presentation of a copy of said judgment to the said Taylor, acting treasurer, together with a sealed package of coupons, purporting to be those upon which judgment had been rendered, it was discovered that the numbers of the coupons presented for payment did not correspond with the numbers of the coupons for which judgment had been rendered; whereupon the said Taylor, acting treasurer, refused to pay the said judgment for the sum of $249, or any part thereof.

Upon this refusal the said John C. Williams filed his petition before the judge of the said hustings court of the city of Richmond, praying that a writ of *mandamus* may "issue against said Taylor, acting treasurer of the Commonwealth, to compel him to pay or refund to the said John

C. Williams the amount of $249 or $246, as required by said judgment, and as the law requires."

Upon this petition a rule was awarded for the said Taylor, acting treasurer, to show cause why the prayer of the petition should not be granted. In response to which rule, the said Taylor appeared and moved the court to quash the said petition, for errors and irregularities apparent on its face, which motion the court overruled; to which ruling the respondent filed his first bill of exceptions. The respondent then demurred to the petition, which demurrer was overruled by the court; to which ruling the respondent filed his second bill of exceptions. Thereupon the respondent filed his answer to the said rule, and insisted that the said writ of *mandamus* ought not to be awarded against him, for the reasons set forth in his said answer.

On the 14th of September, 1883, all the parties to the proceedings being present before the judge of the said hustings court, in vacation, judgment was rendered that the Commonwealth's writ of peremptory *mandamus* be awarded the petitioner, the said John C. Williams, commanding the said James M. Taylor, acting treasurer of the State of Virginia, to receive for taxes a part only of the coupons so tendered him as aforesaid, and to refund to the said John C. Williams the sum of $246, being a part only of the sum of $249, for which he had received judgment as aforesaid, and which judgment he was seeking to enforce.

To this judgment of the said hustings court of the city of Richmond, the said James M. Taylor, acting treasurer, obtained a writ of error and *supersedeas* from one of the judges of this court.

The first point presented for determination is the question of the jurisdiction of this court. The appellee contends that "there is no right of appeal from the mandamus judgment in this case, because the sum involved does not amount to $500." The 6th article of the constitu-

tion of Virginia, section 2, expressly confers jurisdiction upon the supreme court of appeals "in cases of habeas corpus, *mandamus*, and prohibition, or the constitutionality of a law." And by an act of the general assembly, 1881–2, page 10, ch. 7, sections 3 and 4, the "right of appeal" is expressly given to the court of appeals, to either party to a coupon proceeding, in the ordinary form under section 3, and, in *mandamus* cases in the courts below, therein named, "either party shall be entitled to exceptions, and an appeal to the circuit court and supreme court of appeals on the trial of this issue." This special act expressly confers the right of appeal to this court from all judgments in all proceedings by *mandamus* rendered in the said inferior courts.

The next enquiry is, had the hustings court of the city of Richmond *jurisdiction* to award the writ of *mandamus* in this case?

The proceeding by *mandamus* was not against the collecting officer, under the 3d and 4th sections of the Acts 1881–2, page 10, but was against the treasurer of the State of Virginia, *eo nomine*, to compel the performance of an alleged official duty. The Code of Virginia, 1873, ch. 44, section 7, provides, "there shall be brought and prosecuted in the circuit court of the city of Richmond all *suits* in which it may be necessary or proper to make any of the following public officers a party defendant as representing the Commonwealth, to-wit: the governor, attorney-general, *treasurer*, register of the land office, or either auditor." And by section 8 : "If any such suit be now depending or be hereafter brought in any other court, such court shall, by its order made therein, transfer such suit, together with all the papers and proceedings therein, to such court as is designated in the preceding section, there to be proceeded in to a final decision. And if such suit be not so transferred, but be proceeded in to judgment or decree in the court wherein it may have been so depending or brought, such

judgment or decree, so far as it is against any of the said public officers or public corporations, or against the Commonwealth, shall be void."

This act is mandatory, and ousts all jurisdiction in suits against the State officers enumerated from every other court, and confers it upon the circuit court of the city of Richmond.

In *Ragland* v. *Broadnax et als.*, 29 Gratt. 414–15, Judge Christian says: "With respect to the before-mentioned classes of cases and *persons*, the said circuit court of the city of Richmond has exclusive jurisdiction, even in a chancery cause, which is withheld from all the other courts of the Commonwealth. In other words, by fair interpretation of the statute law, whenever one of the persons or classes named in the statute shall be a necessary or proper party, the circuit court of the city of Richmond has, whether it be in a common law or chancery cause, not only original, but *exclusive* jurisdiction." See also Minor's Inst. (ed. 1883), vol. 4, part I, p. 531, p. 734. The proceeding by mandamus against the treasurer of the State is, in its nature, an original suit, and not final process or a collateral proceeding in an existing suit (*McBane* v. *The People*, 50 Ill. p. 503), and it is within the terms and intendment of the statute which requires all suits against the treasurer to be brought in the circuit court of the city of Richmond.

At common law, both in England and in this country, the sovereign could not be sued in a matter of taxation except by consent. *Pullan* v. *Kinsinger*, 2 Abbott's U. S. Rep. page 105, *et seq.*

Article VI of the constitution of Virginia, defining the powers of the judiciary department, provides that the jurisdiction of the courts and the judges thereof, except so far as the same is conferred by the constitution, "shall be regulated by the law."

The constitution does not regulate the matter of suits for or against the State or her officers, but it is specially regu-

lated by law. Chapter 155, Code 1873, regulates and defines this jurisdiction, and it is *general* in all cases between *man and man*, both at law and in equity; and then it provides that "suits in which it is necessary to make certain public officers, as representing the Commonwealth, parties, *shall* be in the circuit court of the city of Richmond." We are of opinion that the hustings court of the city of Richmond was without jurisdiction in the proceeding of the *mandamus* awarded against the appellant, James M. Taylor, acting treasurer of the State of Virginia, and that the judgment appealed from is void.

This sufficiently disposes of this appeal, but it may not be useless to add what is set forth in the answer of the respondent, James M. Taylor, acting treasurer of Virginia, "that he has no authority to pay any money out of the public treasury save on the warrant of the auditor of public accounts or second auditor, and that no such warrant was presented to him."

The warrant of the auditor was not obtained, and the duty of payment was not incumbent upon the treasurer. The 7th section, chapter 43, Code of 1873, directs how all moneys due the State shall be paid into one of the banks of the city of Richmond, and the 9th section says: "All moneys paid into bank, according to the 7th section, shall stand on the books of the bank to the credit of the treasurer of the State; but the treasurer shall have no authority to draw any of the said money except by his check, drawn upon a warrant issued by one of the auditors. If any money in bank to his credit, as aforesaid, shall be paid otherwise than upon his check drawn upon such warrant, the payment shall not be valid against the Commonwealth."

The object of this requirement of the law is to secure mutual checks and guards upon the revenues of the Commonwealth, as between the auditor and treasurer of the State. Sections 30 and 37, ch. 43, Code 1873.

Thus it is manifest, that even if the hustings court of Richmond city had jurisdiction of this suit, the petition should have been quashed on the pleadings for the want of allegations showing that the duty sought to be enforced was due and incumbent at the time.

The judgment of the hustings court of the city of Richmond, appealed from, is erroneous, and must be reversed and annulled, with costs.

The judgment was as follows:

This day came again the parties, by their counsel, and the court, having maturely considered the transcript of the record of the judgment aforesaid and the argument of counsel, is of opinion, for reasons stated in writing and filed with the record, that the hustings court of the city of Richmond was without jurisdiction to award a *mandamus* against the plaintiff in error in his official capacity as acting treasurer of the State of Virginia.

It is therefore considered that the said judgment be reversed and annulled, and that the plaintiff in error recover against the defendant in error his costs by him expended in the prosecution of his said writ of error and *supersedeas* here.

And this court, proceeding to render such judgment as the said hustings court ought to have rendered, it is considered by the court that the rule awarded against the defendant be discharged, the petition be dismissed, and that the defendant (the plaintiff in error here) recover against the said plaintiff (the defendant in error here) his costs by him about his defence in the said hustings court expended. Which is ordered to be certified to the said hustings court of the city of Richmond.

JUDGMENT REVERSED.